COURT COPY

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

**JUL 2 3 2001**

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE ___Southern___ DISTRICT OF TEXAS
___Brownsville___ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

| | |
|---|---|
| **TRAVIS EVERAGE** | **TERRELL -UNIT** |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | **TDCJ-#(628630)..,** |
| vs. | PRISONER ID NUMBER |
| **GRAY JOHNSON** | **B-01-127** |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner) | (Supplied by the Clerk of the District Court) |

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.     Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.     When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.     Petitions that do not meet these instructions may be returned to you.

---

# PETITION

<u>What are you challenging?</u>  (Check <u>only</u> one)

☒     A judgment of conviction or sentence,       (Answer Questions 1-4, 5-12 & 20-23)
          probation or deferred-adjudication probation
☐     A parole revocation proceeding.       (Answer Questions 1-4, 13-14, & 20-23)
☐     A disciplinary proceeding.       (Answer Questions 1-4, 15-19 & 20-23)

<u>All petitioners must answer questions 1-4:</u>

1.     Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
**IN THE CRIMINAL DISTRICT COURT OF (MILAM,COUNTY,TEXAS)OF THE 20th JUDICIAL DISTRICT:**

2.     Date of judgment of conviction: **MAY-17-1992**

3.     Length of sentence: **FIFTY-FIVE,YEARS**

4.     Nature of offense and docket number (if known): **AGGRAVATED SEXUAL ASSAULT (18,167)....**

<u>Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:</u>

5.     What was your plea? (Check one)

☒    Not Guilty      ☐    Guilty      ☐    Nolo contendere

6.     Kind of trial: (Check one)      ☒    Jury      ☐    Judge Only

7.     Did you testify at the trial?   ☐   Yes        ☒   No

8.     Did you appeal the judgment of conviction?   ☒   Yes   ☐   No

9.     If you did appeal, in what appellate court did you file your direct appeal?
       **THE COURT OF APPEALS,**
       **THIRD DISTRICT OF TEXAS**_____ Cause Number (if known) _**#(3-92-364-cr..)**

       What was the result of your direct appeal (affirmed, modified or reversed): **AFFIRMED**

       What was the date of that decision?  **FEBRUARY 24,1993**

       If you filed a petition for discretionary review after the decision of the court of appeals,
       answer the following:

       Result: _____**N/A.....,**_____

       Date of result: _____**N/A**_____ Cause Number (if known): ___**N/A**____

       If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the
       following:

       Result: _____**"(N-a)"....**_____

       Date of result: _____**N/A**_____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this
       judgment in any court, state or federal? This includes any state application for writ of habeas
       corpus that you may have filed.

       ☒   Yes        ☐   No

11.    If your answer to 10 is "Yes," give the following information:

       Name of court: **IN THE CRIMINAL DISTRICT COURT OF MILAM COUNTY,TX**
       **20th JUDICIAL DISTRICT:**
       Nature of proceeding: **APPLICATION FOR A WRIT OF HABEAS CORPUS:**

       Cause number (if known): _____**(_____).**____

       Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-
       stamped date from the particular court.
                          **("JULY 06,2000")....**

       Grounds raised: **INEFFECTIVE ASSISTANCE OF COUNSEL BY("MRS.HANCOCK"):**
       **AND THE TRIAL JUDGE ABUSE ITS DISCRETION IN RESPONDING TO A JURY'S**
       **QUESTION REGARDING THE "COURT REPORTER:**

                                  - 3 -              **CONTINUED ON NEXT PAGE**

<u>Date</u> of final decision: _____

Name of court that issued the final decision: COURT OF CRIMINAL APPEALS AUS,TX

As to any *second* petition, application or motion, give the same information:

Name of court: _____ N/A

Nature of proceeding: _____ N/A

_____ N/A _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court. N/A

_____

Grounds raised: _____ N/A

_____ N/A

_____ N/A

_____

<u>Date</u> of final decision: _____ N/A

Name of court that issued the final decision: _____ N/A

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?            □   Yes            ☒   No

   (a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

   _____ N/A _____

   _____

   (b)   Give the date and length of the sentence to be served in the future: N/A

   _____

   (c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

   □   Yes            xxxxxxNo

**Parole Revocation:**

13.  Date and location of your parole revocation: _____N/A_____

14.  Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

     ☐    Yes            ☒    No

     If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.  For your original conviction, was there a finding that you used or exhibited a deadly weapon?        ☐ Yes    ☒ No

16.  Are you eligible for mandatory supervised release?        ☐ Yes    ☒ No

17.  Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:
     "(N-A)" . . . . . . . . . .
     _____

     Disciplinary case number: _____N/A_____

18.  Date you were found guilty of the disciplinary violation: _____N/A_____

     Did you lose previously earned good-time credits?        ☐ Yes    ☒ No

     Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: __N/A___
     _____

19.  Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

     ☐    Yes            ☒    No

     If your answer to Question 19 is "yes," answer the following:

     <u>Step 1</u> Result: _____N/A_____

     _____N/A_____

          Date of Result: _____N/A_____

     <u>Step 2</u> Result: _____N/A_____

     _____N/A_____

Date of Result: _____N/A . . . . . . . . _____

## All applicants must answer the remaining questions:

20.   State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

> **CAUTION:**
> <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
> <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A. **GROUND ONE**: <u>"INEFFECTIVE ASSISTANCE OF COUNSEL" FOR FAILING TO OBJECT TO (MRS.</u>
<u>HANCOCK)</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

<u>MRS. HANCOCK MAKING A FALSE ENTRY IN, OR FALSE ALTERATION OF A "GOVERNMENTAL RECORD" UNDER REQUESTED</u>
<u>JURY REQUESTS THAT CERTAIN TESTIMONY BE (REREAD). WHERE TRIAL COURT "ABUSE ITS DISCRETION WHEN IT ALLOWED</u>
<u>THE (COURT REPORTER) TO REREAD A PORTION OF A WITNESS'S TESTIMONY AND CONFLICTING CONCEALED RECORD IN</u>
<u>WHICH THAT EXCEEDED THE SCOPE OF THE JURY'S QUESTION ABOUT THE INCONSISTENT TESTIMONY:</u>

B. **GROUND TWO**: <u>THE TRIAL JUDGE ABUSE HIS DISCRETION IN RESPONDING TO A JURY'S QUESTION REGARDING</u>
<u>THE "COURT REPORTER" AFTER A THOROUGH SEARCH OF THE STENOGRAPHIC RECORD.</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

<u>APPLICANT ALLEGES THE COURT REPORTER "INFORMS" ME THAT THERE IS NO REFERENCE TO [STACY] TESTIFYING</u>
<u>THAT SHE SAW ANYBODY COME IN A WINDOW; (MRS.HANCOCK) WILL NOW READ BACK THE PORTION THAT "I" THINK IS MOST</u>
<u>RELEVANT CONCERNING IDENTIFICATION AND WHOSHE SAW..."MOREOVER, THE RECORD DOES NOT DISCLOSE THE PRECISE</u>
<u>TESTIMONY READ TO THEJURY" AND DEFENSE COUNSEL DID NOT VOICE ANY COMPLAINT AT TRIAL REGARDING"STACYCONFLICIT</u>
<u>TESTIMONY":</u>

C. **GROUND THREE**: <u>[STILL INEFFECTIVE ASSISTANCE OF COUNSEL] - APPLICANT ARGUES THE (REREADING)</u>
<u>OF THE PORTION OF THE TESTIMONY WAS "EXTREMELY PREJUDICIAL</u> TO HIM" IN RESPONDING TO A [JURY'S QUESTION]
WHICH DO DELETE SOME OF THE TESTIMONY, THAT CREATES MORE CONFUSION IN THE JURY'S MIND: "DURING DELIBERATION
AT THE (GUILT/INNOCENCE PHASE OF THE TRIAL)" THE JURY SENT THE TRIAL COURT A NOTE STATING, [WE THE JURY
HAS REQUESTED SOME TESTIMONY TO BE READ BACK,TESTIMONY FROM THE DOCTOR AND TESTIMONY FROM STACY]"..

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
AFTER THE TRIAL COURT DETERMINED WHAT PORTION OF THE " WITNESS'S TESTIMONY" TO READ TO THE JURY, COUNSEL
"FAILED TO OBJECTED APPLICANT ASSERTS, DEFENSE COUNSEL "GRIFFIN"FAILED AND REFUSED TO INFORM HIM ABOUT
THE (TRIAL COURT) ABUSE OF DISCRETION WHEN IT ALLOWED THE "COURT REPORTER" TO REREAD A PORTION OF A [WITNESS
TESTIMONY THAT EXCEEDED THE SCOPE OF THE "JURY'S QUESTION] WHICH SERIOUSLY PREJUDICE THE DEFENSE UNDER
REASONABLE PROBABILITY THAT BUT FOR HIS DEFENSE COUNSEL "GRIFFIN" FAILURE TO OBJECT TO THE TRIAL JUDGE
ABUSING HIS DISCRETION IN RESPONDING TO A JURY'S QUESTION UNDER UNPROFESSIONAL ERRORS, DURING DELIBERATION
AT THE "GUILT/INNOCENCE PHASE OF THE TRIAL" HAS PREJUDICE, THE (JURY'S QUESTIONS) WHICH DO "EXCEEDED" THE
SCOPE'S OF THE TESTIMONYBY [STACY] THAT CREATES MORE CONFUSION IN THE JURY'S MIND....(SEE) EXHIBIT A.,

D.    **GROUND FOUR:**  DURING DELIBERATION AT THE GUILT INNOCENCE PHASE-
THE JURY SENT THE TRAIL COURT A NOTE:
APPLICANT CONTENDS THE "(NOTE)"STATED -"WE' THE JURY HAS REQUESTED
SOME TESTIMONY TO BE READ BACK,TESTIMONY FROM THE"(DOCTOR)AND TESTI

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
IMONY FROM("STACY")WERE CRITICAL TO THE STATE'S CASE UNDER (EXHIBIT)-
(b),(c),AND(d),WAS REASONABLE AND    OUTSIDE WIDE RANGE OR UNPROFESS
IONALLY COMPETENT ASSISTANCE FOR PURPOSE OF HIS FAILURE TO RENDERED
PROCEEDING ITSELF UNFAIR, AFTER THE TRIAL COURT DETERMINED WHAT (PORTION) OF THE "WITNESS'S
TESTIMONY TO READ TO THE JURY" UNDER RESULT OF THE PRECISE TESTIMONY WOULD HAVE BEEN DIFFERENT.
HAD THE "INCONSISTENT TESTIMONY AND CONFLICTING RECORD'S " BEEN PROVED TO THE JURY DOES
CONSTITUTE THE PRIMARY EVIDENCE IN THE (COUNSEL'S) DEFICIENT PERFORMANCE    REGARDING
DELIBERATION.

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole
revocation, or disciplinary proceeding that you are attacking in this petition?

☐    Yes          XXXXX  No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in
which it was filed, and whether the petition was (a) dismissed without prejudice or (b)
denied.

    NONE.........

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this
petition?

☐    Yes          XXXXX No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give
your reasons for not presenting them to any other court, either state or federal.

    N/A..........

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐     Yes              ☒xxxx No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

N/A

N/A

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

PRO-SE;

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

07/17/01 _____ (month, date, year).

Executed on _____ 07/17/01 _____ (date).

Signature of Petitioner (required)

Petitioner's current address: TERRELL UNIT 12002-FM.350-SOUTH LIVINSON,TX

## -"  STATEMENT OF FACTS)"--

APLICANT ALLEGES THAT HIS DEFENSE COUNSEL"(Mr.William E. Griffin,II)"
AT TRIAL,11718 W.Bellfort,#515 Stafford,Texas 77477 Has Denied Him The
Effective Assistance Of Counsel During Deliberation Of His Aggravated-
Sexual Assault Trial:
Subsequently,The Relevant Facts Canbe Disputable as His Defense Counse
"(Griffin)"Have Failed To Disclose Favorable Evidence To The (jury)Upo
Their Request Throughout Highly Concealed Inconsistencies To His Case
Whereas,These"Incidents'Can Be Attributable To Gauge The Colorabe Tact
ical Decision Herein Enclosed And He Did Have Actual Knowledge Of The
Under Proper Standard  Of "effectiveness of counsel"AT THE GUILTJINNOC
ENCE pHASE OF THE TRIAL COUNSEL'S PERFORMANCE HAS "(FELL BELOW OBJECTI.
STANDARD OF REASONABLENESS UNDER PREVAILING PROFESSIONAL NORMS,REGARDI
HIM"(GRIFFIN)"FAILING TO OBJECT TO[MRS.HANCOCK]MAKING A FALSE ENTRY IN,
OR"FALSE ALTERATION OF A(Governmental Record'S)IN VIOLATION OF THE CON-
TITUTION OR LAWS OF THE UNITED STATES,IS REMOVED UNDER"[PREJUDICE ]
WHERE "(TRAVIS)"WAS PREVENTED FROM MAKING A(MOTION)BY SUCH DEFENSE COUN
SEL [GRIFFIN]UNDER A REASONABLE PROBABILITY THAT,BUT FOR COUNSEL'S UNPR
FESSIONAL ERRORS,THE RESULT OF THE (JURY'S) PROCEEDING WOULD HAVE BEEN
DIFFERENT:
YET,ON THE NIGHT OF THE(2nd of October,1991),"Stack Clark"And HER YOUN-
GER SISTER"Tracy Clark",WERE ASLEEP IN THEIR BED,IN THE HOME OF THEIR
(MOTHER)"Ms.Darlene Clark"IN ROCKDALE,(MILIAM,COUNTY,TEXAS):
WHILE THE MOTHER WAS AWAY FROM THE HOME AT APPROXIMATELY 11:00,pm,And
Subsequently a male was seen in the bedroom of the (2)Girls;[THE]CASE
PRESENTED BY THE STATE DEMONSTRATED GUILT OF (APBLICANT)And STILL DEFEN
COUNSEL"(Griffin)"DID NOT RAISE ANY SORT OF (IDENTIFICATION AND WHO THE
SAW IN THE BEDROOM THAT NIGHT),THE ONLY ONE HE HAD:
But According To The STATE'S Attorney Testimony,The Intrude Pulled Down
The Panties Of (Tracy Clark)And Molested Her.....THE (APPLICANT) Did
Not Testify In His Own Behalf During Either Phase Of The Trial?
MOREOVERLY,APPLICANT ALLEGES THE (JURY)SENT THE TRIAL COURT A"NOTE"
APBARENTLY HAD A "(QUESTION ABOUT THE POSSIBLE ENTRY OF THE MALE THROUG
WINDOW  )"UNDER STATEMENT OF FACTS Volume-1,at;pages;67-throughout-89,
and certain poftion of [Stacy Clark'S]TESTIMONY WERE Re-Read to them at
the direction of the trial court:
Yet,Applicant suggest that the court's handling of the (Guilt-Innocence
Phase of the trial)was Improper and prejudicial to him,where he alleges
a criminal defense counsel should have a firm command of the facts of
the case as well as governing LAWS before he"[Griffin]"can render reaso
ably effective assistance to his client in or out of the courtroom:

Applicant contends his defense counsel "Griffin"has fail to object to
THE TRIAL COURTS INSTRUCTING THE COURT REPORTER TO READ BACK A PORTION
OF THE TESTIMONY OF (Dr,Felty)and(Stack Clark)REGARDING PRIOR TESTIMON
And Identification,where she saw the(intrude)And the trial judge is no
permitted to comment on the weight of the evidence in the jury's prese
or "Convey"to the jury his("Opinion")"Of the case at any stage of the t
after determining that there was no-reference in[Stacy's Testimony],TH
SHE SAW ANYBODY COME IN A WINDOW;[S.P.-326/328]:;

APPLICANT ALSO ALLEGES THAT AT-PAGE,56-of the transcript it appears to
be a(short-hand)Rendition of the jury's questions regarding the testim
of("Dr.Felty)And(Stacy);

Apperently,one of the questions which the jury had was as following ?
[Did Stack Clark testify that she saw anybody come in a window]......
Subsequently,rather than(DEFENSE COUNSEL-Griffin)Voicing an reasonable
object's or stopping with his explantion that there was [[[NO]]]REFERE:
TO SUCH TSTIMONY WHICH THE TRIAL COURT REPORTER COULD NOT FIND;he let
the trial court proceeded to instruct the("COURT REPORTER")TO READ BAC.
TESTIMONY TO THE JURY WHICH HE THOUGHT WAS MOST RELEVANT CONCERNING Id.
ification and who she saw,(S.F.-page-327): THIS ACTION OF THE DEFENSE (
SEL"(Giffin)FAILURE TO OBJECT TO("Stack's")PRIOR CONFLICTING TESTIMONY-
UNDER vol-1,at page -89,is a reasonable probability for his failure to
object,fell below an objective standard of reasonableness under prevail
ing professional norms regarding trial court proceeding has abuse it's
discretion when it allowed the(trial court reporter)TO RE-READ A PORTIC
OF A WITNESS'S TESTIMONY THAT HAS EXEEDED THE SCOPE OF THE JURY'S QUESI
ABOUT THE "INCONSISTENT-TESTIMONY AND CONFLICTING"CONCEALED RECORDS THA
CREATES MORE CONFUSION IN THE JURY'S MIND;

    Mr.Griffin: NO-OBJECTION,YOUR HONOR..................

    THE COURT:FROM APPELLATE #6;Stacy which window did Buck use ?

    THE WITNESS: MY MOTHER'S WINDOW...................

    THE COURT: I'M Sorry ?_____

    THE WITNESS: MY MOTHER'S WINDOW ?_____

    THE COURT:YOUR MOTHER'S WINDOW FROM [HER-BEDROOM]?

    THE WITNESS:(WITNESS NODDING.........

    THE COURT: OKAY,ANY OTHER QUESTIONS ?_____

APPLICANT"EVERAGE"ALLEGES THAT HIS DEFENSE COUNSEL(Mr.William E. Griffi
II)AT TRIAL HAS FAIL TO OBJECT TO THE TRIAL COURTS ACTION UNDER ARTICLE
36,28,of the code of criminal procedure in-conjunction with;vol-1,at pa
89 have volated applicants right's of effective assistance of counsel i
pertinent part as it reads as following below ! (EMPHASIS ADDED):

IN THE TRIAL OF A CRIMINAL CASE IN A COURT,1.. A COURT OF RECORDS,
IF THE JURY DISAGREE AS TO THE STATEMENT OF ANY WITNESS THEY MAKE,
UPON APPLYING TO THE COURT-HAVE READ TO THEM FROM THE COURT REPORTER'
NOTES THAT PART OF SUCH WITNESS TSSTIMONY OR THE PARTICULAR POINT IN-
DISPUTE,And no-other:

UNFORTUNATELY,AS APPLICANT STATED PREVIOUSLY IF DEFENSE COUNSEL(Griff
HAD NOT FAILED TO PROPERLY OBJECT,OR DISCLOSE FAVORABLE EVIDENCE UNDE
vol.1-at;pages 67-throughout-89,and page-56,of the transcript in assc
tion with(s.p.-at;page-327,in-conjunction with [APPEAL COUNSEL]REPRES
NT HAS FELL BELOW AN OBJECTIVE STANDARD OF UNREASONABLENESS TO FILE A
PROPER CLAIM OF INEFFECTIVE ASSISTANCE ON TRIAL COUNSEL"GRIFFIN" HAS
RENDERED INEFFECTIVE ASSISTANCE UNDER TRIAL COUNSEL'S PERFORMANCE ARE
SUBJECT TO GENERAL REQUIREMENT THAT DEFENDANT AFFIRMATIVELY PROVE PRE-
JUDICE,WHICH HAS PREVENTED HIM FROM MAKING ANY OBJECTIONS TO THE EXCE-
ING OF THE JURY'S QUESTION ABOUT DISPUTES,BECAUSE (BOTH)OF THEM FAILED
TO CONDUCT AN INDEPENDENT INVESTIGATION OF THE(JURY'S FACTS)AND HE"Gri
ffin"FAILED TO OBJECT TO THE TRIAL COURTS ABUSING IT'S DISCRETION,THER
BY DENYING APPLICANT THE RIGHT TO("EFFECTIVE ASSISTANCE OF COUNSEL")AN
DUE PROCESS OF LAW THAT IS GUARANTEED BY THE STATE AND [FEDERAL]CONSTI
UTIONS:"(SEE)"U.S.CONST.AMEND.VI,XIV.,TEX,CONST.ART;1&10-IN ASSUMING
CHALLENING CONDUCT UNDER DEFICIENT PERFORMANCE HAS PREJUDICED THE PHAS
PROCEEDINGS IN ASSOCIATION WITH TRIAL LEVEL AND APPEAL LEVEL WAS UNREA-
ONABLE IN CONJUNCTION WITH(TRIAL JUDGE'S)ERRORS IS SO PREJUDICE AS TO
DEPRIVE DEFENDANT"(TRAVIS)OF A FAIR TRIAL,A TRIAL WHOSE RESULT IS UNRE-
LIABLE UNDER HE HAS SUFFER INSUFFICIENT PREJUDICE TO WARRANT SETTING
ASIDE HIS(55-year sentence)IS A PROBABILITY SUFFICIENT TO UNDERMINE --
Mr.Griffin'S CONFIDENCE IN THE OUT COME OF THE JURY's performance,that
but for his unprofessional errors,result of the trial proceedings would
have been totally different....IN THE INSTANT CASE,WERE THE(JURY'S)REQU
EST INDICATED THAT THEY HAD A"(QUESTION)"ABOUT STACY'S TESTIMONY CONCER
NING SEEING SOMEONE COME IN -THROUGH THE WINDOW,IN VIOLATION OF THE APP
LICANT'S RIGHTS,WERE THE COURT COMMENTED ON THE"(WEIGHT"OF PART OF THE
EVIDENCE AND "EMPHASISIZED THE WITNESS'S TESTIMONY CONCERNING THE"IDENT
IFICATION OF (TRAVIS)AS(BUCK)"OR"[EVERAGE]AS THE PERSON,"STACY"CLAIMED
SHE SAW IN THE BEDROOM,AND FAIRNESS(DID-NOT)PREVAIL,AND"TRAVIS"WAS DE-
PRIVED OF A FAIR TRIAL:

APPLICANT ALSO CONTENDS THE GRAVITY OF THE ERRORS IN THIS SITUATION -
WAS SO GREAT AS TO CONSTITUTION FUNDAMENTAL ERROR UNDER INEFFECTIVE
ASSISTANCE OF COUNSEL,ON THE PART OF(Mr.Griffin)AS APPLICANT'S TRIAL -
COUNSEL IN ASSOCIATION WITH HE HAS FAIL TO OBJECT WAS NECESSARY IN MAK-
ING A TIMELY AND SPECIFIC OBJECTIONS TO THE[NO-REFERENCE]TO SUCH TESTI-

**MONY WHICH THE COURT REPORTER COULD NOT FIND, AND TRAVIS SECURE SPECIFIC RULING ON AN"TESTIMONY" IN ORDER TO PRESERVE ERROR FOR APPEAL:**

YET, THE PURPOSE OF THIS IS TO PLAINLY DETERMINE THAT A DEFENDANT HAS T ASSISTANCE NECESSARY TO TRULY JUSTIFY RELIANCE ON THE OUT COME OF THE TRIAL BELOW AT PAGES(72,73)IN ASSOCIATION WITH UNPROFESSIONAL ACTS OR OMISSION'S WERE SO PREJUDICE AND UNREASONABLE THAT THEY HAD AN ADVERSE EFFECT ON THE HOLD DEFENSE AND THE RESULTS;at page-56,of the transcript and (S.F.-AT;PAGE-327)IN CONJUNCTION WITH(S.F.-vol.1-at.pages 67,through out 89:

APPLICANT ALSO ALLEGES CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL BASE ON HIS (APPEAL COUNSEL'S)ALLEGED FAILURE TO RAISE ON [DIRECT APPEAL],AN CLAIMS THAT PROSECUTOR KNOWINGLY USED PERJURED TRIAL TESTIMONY IN APPLIC ANTS TRIAL,AND KNOWINGLY WITHHELD ALL EXCULPATORY EVIDENCE TENCING TO CONTRADICT TESTIMONY OF THE (KEY PROSECUTION WITNESS)AT-56 UNDER VOL-1; FOLLOWING GUIDLINE FOR THE "TRIAL COURT",RATHER THAN,THE(TRIAL JUDGES) ACTION'S AT ANY STAGE OF THE ILLEGAL VERDICT IN ASSOCIATION WITH MAKING ANY REMARKS TRULY CALCULATED TO CONVEY TO THE"(JURY)"HIS OPINION OF THE CASE ? **AS THE COURT'S REMARKS TO THE JURY AND IT'S INSTRSTIONS TO THE COURT REPORTER,DOES EMPHASIS THE (TESTIMONY)WHICH HE,"THE JUDGE"HAD THE COURT REPORTER READ TO THE JURY,AND CLEARLY DOES INDICATE HIS FEELING – THAT SUCH TESTIMONY WAS IMPORTANT TO THE CONVICTION OF THE ACCUSED:**

APPLICANT ALLEGES UNDER DIRECT EXAMINATION OF[STACY CLARK],BY MS.COBURN WAS HAD;WHICH IS CONTRADICING UNDER HER TESTIMONY BELOW,at-s.f.,vol.72,7 ,throughout-77,and 78:

**Q;if the two of you were asleep,can you tell us what happened next that you can remember /did you wake up ?**

**A; (witness nodding):**

**Q; what was it that made you awaken ?**

**A; a-zipper...**

**MR.Griffin:excuse me your honor,the model is blocking ---**

**the court: what did you say,"stack"?**

**THE WITNESS; A-Zipper....**

**THE COURT: A-Zipper ? a-Zipper woke you up ? OKAY.......**

BY MS.COBURN:at;-77,78:

A; HE WENT BACK OUT THE "WINDOW".................

Q;CAN YOU TELL US,DID HE JUST GO-STRAIGHT OUT THE "WINDOW"OR DID HE GO TO SOME OTHER PLACES ?

A; THE-"WINDOW"-HE CAME IN AND HE WENT BACK OUT";

Q; WHAT DID HE DO AFTER THAT ?

      MR.Griffin:your honor,excuse me........

I DIDN'T HEAR THAT ANSWER:              EMPHASIS;

THE COURT: HE WE   OUT THE"(WINDOW" HE CAME  N--,I MEAN--HE WENT OUT
          THE WINDOW THAT HE HAD COME IN..........

BY MS. COBURN:

Q: did he go any other place in your house ?

A; behind my door.....

Q; how-----_____

          MR.Griffin:excuse me,i didn't hear--

THE COURT: HE WENT BEHIND THE DOOR BEFORE HE WENT OUT THE WINDOW:

and at,pages-82,83,by ms.Coburn:

Q; where did he wipe "Tracy" ?

A; Between her legs...

Q; and what did he do then ?____

A; [went back out the window].......

Q;did he do this before he went out the window---;

     THE COURT:(THE ANSWER WAS.."HE WENT OUT THE WINDOW) ?

BY MS,COBURN:

Q;SO,HE WENT OUT INTO THE KITCHEN,GOT A CLOTH AND WIPED TRACY?
A;("WITNESS NODDING)......
Q;AND THEN DID HE GO OUT THE WINDOW ?
A;("WITNESS NODDING")
Q;DID HE ONLY GO OUT THE WINDOW ONCE ?
A;("WITNESS SHAKING HEAD)"
Q; ARE YOU SURE?
A;("WITNESS NODDING")
Q;PASS THE WITNESS YOUR HONOR:
               AND at-page,89-by defense counsel"Griffin":
THE COURT:Mr.Griffin;Anything else of the witness ?
Mr.Griffin:(NO,YOUR HONOR)....
THE COURT :ANY JURY QUESTION ?
     "APPELLATE'S-#,6..."
MR.Griffin:(no-objection),YOUR HONOR.
THE COURT:"FROM APPELLATE-#,6:"(STACY WHICH WINDOW DID BUCK USE) ?
THE WITNESS:"MY MOTHER'S WINDOW;"
THE COURT:"I'M SORRY ?
THE COURT:"MY MOTHER'S WINDOW..........."
THE COURT:YOUR MOTHER'S WINDOW FROM HER BEDROOM ?
THE WITNESS:[WITNESS NODDING):
THE COURT:"OKAY ,ANY OTHER QUESTIONS ?"
          "STACY,WE THANK YOU VERY MUCH".......

APPLICANT ALLEGES FOR REASONS MORE FULLY DEVELOPED AND IN-CONJUNCTION
WITH HER ENCLOSE TESTIMONY IN ASSOCIATION WITH WHETHER ANY RATIONAL -
TRIER OF FACT COULD HAVE FOUND THE"ESSENTIAL"ELEMENTS OF THE OFFENSE
BEYOND A REASONABLE DOUBT? THE COURTS NEED TO REVIEW THE EVIDENCE IN
THE LIGHT MOST FAVORABLE TO THE PREJUDICE "VERDICT",WHEREAS,THE RECORD
SHOWS THAT AFTER THE INCONSISTENT IN HER TESTIMONY AND CONFLICTING  RE
CORD'S UNDER UNREASONABLE PROBABILITY,THAT IT IS CLEAR THAT THE[DEFENS
COUNSEL]"GRIFFIN"HAS FAILED TO DISCHARGE HIS BURDEN OF PROVING"INSUFFI
CIENCY TESTIMONY"WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE PRESENT-
ED AT TRIAL SO AS,TO BE CLEARLY WRONG AND UNJUST UNDER REQUISITE OF -

FACTUAL AND LEGAL INVESTIGATION HAS RESULTED IN AN"ABANDONMENT OF THE
ONLY VIABLE DEFENSE AVAILABLE",AND IN-TURN HAS PREJUDICE TRIAL COUNSE
TO PRESENT A DEFENSE THAT RELIED  ONLY ON ACCEPTANCE OF THE TESTIMONY
A STATE WITNESS,WHO HAD BEEN COACHED AS BEING INCAPABLE OF"DISTINGUIS-
ING BETWEEN TRUTH"AND FALSEHOOD UNDER(SPECIAL ISSUES) BEFORE THE JURY
EVEN RETIRED TO DELIBERATE ,BECAUSE TRIAL COUNSEL DID NOT TAKE THE TI:
TO"(CAREFULLY OBJECT TO HER INCONSISTENT TESTIMONY)":

AT THE OUTSET,THE STATE'S ARGUMENT MUST FAIL FOR ANOTHER EQUALLY COMPE
LLING REASON AS EXPERIENCE HAS TAUGHT("TRAVIS") THAT IN MOST INSTANCES
WHERE THE CLAIM OF INEFFECTIVE ASSISTANCE IS RAISED,AS IN -
THIS CASE,"THE RECORD ON DIRECT APPEAL IS SIMPLY NOT IN A SHAPE",PERHA
BECAUSE OF THE VERY ALLEGED INEFFECTIVENESS ENCLOSED THAT WOULD ADEQUA
LY REFLECT THE SAME FAILING OF TRIAL COUNSEL........

INDEED,IN A CASE SUCH AS THIS,#(18-167)WHERE THE ALLEGED DERELICTIONS
PRIMARILY ARE ERRORS OF OMISSION DE-HORS THE RECORDS,RATHER THAN,COMMI
SION REVEALED IN THE TRIAL RECORD,THEN COLLATERAL ATTACK MAYBE JUST TH
VEHICLE BY WHICH A THOROUGH AND DETAILED EXAMINATION OF ALLEGED INEFFE-
IVENESS MAYBE DEVELOPED AND SPREAD UPON A RECORD:

And THIS"STATE ACTION MEASURE DOES COVERS A GREATER RANGE OF COUNSEL E'
ORS THAN DOES THE FUNDAMENTAL FAIRNESS STANDARD ?

ON THE OUTSET, THE CONSEQUENCE OF TRIAL JUDGE "(CHARLES E,LANCE)",THEN
IS TWOFOLD?AND THE REQUISITE "QUESTIONS" ASKED BY HIM UNDER THER STAT=
ACTION IN CONDUCTING THE CRIMINAL TRIAL ITSELF, AND THE PERFORMANCE OF
TRIAL COUNSEL"[GRIFFIN]IS TO BE TESTED BY THE SAME STANDARD,WITHOUT -
ANY SHOWING OF ACTUAL PERJUDICE THRUGHTHROUGH AN INACTION OF A RESPONSI
E STATE OFFICIAL CONNECTED WITH THE CRIMINAL PROCEEDING;"(SEE)"EXHIBIT"
ATACHED IN THE BACK: APPARENTLY ONE OF THE QUESTIONS WHICH THE(JURY) -
HAD WAS AS FOLLOWING;
                    (DID STACY CLARK)"TESTIFY THAT SHE SAW ANYBODY COME
IN A WINDOW ? ALL THAT REMAINS IS AN APPLICATION OF THE UNREASONABLY -
EFFECTIVE ASSISTANCE TEST UNDER THE(SIXTH AMENDMENT INCORPORATED BY THE
FOURTEENTH AMENDMENT,IF THAT IS STILL THE LEGAL TEST:


[""ARGUMENT AND AUTHORITIES UNDER A SEPARATE MEMORANDUM OF LAW""]
APPLICANT"EVERAGE"ARGUES THAT IN A LONG LINE OF CASE'S WHICH INCLUDES
"EX-PARTE,ADAMS;768 s.w.2d-at,289(TEX.CR.APP.1989)",IN THOSE CASES IN
WHICH THE DEFENDANT FAILED TO MAKE EITHER(NO)REQUEST OR AN OVERLY GEN-
ERAL REQUEST,THAT(1)DEFENSE COUNSEL"GRIFFIN HASINTENTIONAL FAILED TO
DISCLOSED(WITNESS'[PRIOR INCONSISTENT STATEMENTS]WHICH WAS DIAMETRICAL-
LY OPPOSED TO HER "TRIAL TESTIMONY",WAS MATERIAL AND REQUIRED A NEW -
TRIAL UNDER FAILUREWTO CORRECT PERJURED TESTIMONY,AS WELL AS FAILURE TO

DISCLOSE MISIDEN1 .ICATION AND "IMPROPER COA .ING OF WITNESS BY THE
TRIAL JUDGE"ALSO VIOLATED DEFENDANT'S RIGHTS TO A FAIR TRIAL...
AS PREVIOUSLY NOTED,DEFENSE COUNSEL FAILURE TO PROPER OBJECTIONS AND
TO PURSUE PROPER DISCOVERY CAN RESULT IN INEFFECTIVE ASSISTANCE OF COU
NSEL IN ASSOCIATION WITH;"Kimmelman vs.Morrison,106-s.ct.2574(1986)","
104 s.ct.-at-2068(1984)"And"UNITED STATES VS,Baynes;687 f.2d,at-664(19
",CONCERNING(GRIFFIN AS A DEFENSE COUNSEL TO CONDUCT A MEANINGFUL INV
STIGATION)OR EXPLAIN TO THE TRIAL COURTS REGARDING CRITICAL"CONFLICTI
INTERSTS",AND THAT AN ACTUAL CONFLICT OF INTEREST ADVERSELY DOES AFFE
HIS PERFORMANCE UNDER PRETRIAL-DISCOVERY IN ASSOCIATION WITH TOTALLY
YNWARE THAT CERTAIN DAMAGING EVIDENCE MIGHT HAVE BEEN THE APPROPRIATE
SUBJECT FOR AN"(MOTION)FOR SUPPRESSION,[IF]STACY TESTIFIED WITHOUT IN
OBJECTIONS UNDER "INEFFECTIVE ASSISTANCE OF COUNSEL"FOR HIM FAILING T‹
OBJECT TO("MRS,NANCY L,HANCOCK,c.s.r.-no.#1003,IN THE REFERENCED")MAT
ER MAKING A FALSE ENTRY IN;OR[FALSE ALTERATION OF A GOVERNMENTAL RECO·
UNDER,S.F.-at;326/328]REQUESTED JURY REQUEST'S THAT CERTAIN TESTIMONY
BE RE-READ UNDER INEFFECTIVE ASSISTANCE OF COUNSEL,WHERE"[EVERAGE]NOW
RE-ARGUES"THAT THERE IS A REASONABLE PROBABILITY,[THAT TRIAL COURT HA:
ABUSE IT'S DISCRETION]WHEN IT ALLOWED THE "COURT REPORTER"TO RE-READ :
PORTION OF A(WITNESS'S TESTIMONY)THAT DID EXCEEDED THE SCOPE OF THE
JURY'S QUESTION'S ABOUT THE INCONSISTENT TESTIMONY AND CONFLICTING STA
EMENTS WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN TH
OUTCOME,THAT,"BUT FOR(GRIFFIN'S)UNPROFESSIONAL ERRORS",RESULT OF THE P
OCEEDING WOULD HAVE BEEN DIFFERENT;U.S.C.A.-CONST,AMEND.(6.),104 s.ct.
at;2068(1984),IN ASSOCIATION WITH"[BROWN VS.STATE,831 s.w.2d,at-850]"&
"[COCKRELL VS.STATE,933 S.W.2d,at-80]"WHICH HELD SUCH EXCEPTION COULD
(NO)LONGER BE"SUSTAINED IN VIEW OF RULES OF APPELLATE PROCEDURE UNDER-
52(a)And OTHER DECISION'S IN["MARIN VS.STATE,851 s.w.2d,at-279(TEX.CRI
APP.1993"]IN-CONJUNCTION WITH,"DOUGLAS VS.STATE,739 s.w.2d;at662(1987)
GIVING DUE WEIGHT TO THE STRENGTH OF THE(STATE'S)CASE AGAINST[TRAVIS]
AT THE GUILT-INNOCENCE PHASE,HE IS ABLE TO SAY,FROM (GRIFFIN'S)NONE RE
VIEW OF ALL THE EVIDENCE,THAT BUT FOR THIS ERROR,THE RESULT OF THE PRO
EEDING WOULD HAVE BEEN TOTALLY DIFFERENT;[OWENS VS.STATE,916 s,w,2d.at
720(1996)........
PETITIONER ALSO ARGUES INEFFECTIVE ASSISTANCE OF COUNSEL UPON TRIAL CO
NSEL'S(GRIFFIN)FAILURE TO REQUEST AN INSTRUCTION LIMITING THE USE OF
[STACY CLARK],[TRACY CLARK]PRIOR STATEMENT'S AS SUBSTANTIVE EVIDENCE:
"GARCIA VS.STATE,887 S.W.2d;at-872,876(TEXAS.CRIM.APP.1994)";IN LIGHT
OF THE TESTIMONY OF(2)"TWO-EYEWITNESSES"UNDER REASONABLE PROBABILITY,
THAT THE DECISION AGAINST A[NO-LIMITING INSTRUCTION]MAYNOT HAVE BEEN
A MATTER OF TRIAL STRATEGY,IN CONJUNCTION WITH THE DEFENSE COUNSEL"GRI
FIN"(DID-NOT)WANT TO DRAW MORE ATTENTION TO THE INCRIMINATING EVIDENCE
IN THE STATEMENT'S,AND"EXHIBIT-(c)"at-page;81under line's(21)throughou
(25)And Page-82,under line(1)throughout line(23),IN ASSOCATION WITH RU
44.2(b )IT IS "(TRAVIS'S"BURDEN TO DEMONSTRATE THAT HIS SUBSTANTIAL RI
GHTS WERE AFFECTED UNDER EXHIBIT(a);(1),(b),(c)And(d)IN CONJUNCTION WI
THE ERRORS HAVE HAD A SUBSTANTIAL AND INJURIOUS EFFECT,OR"INFLUENCE"IN
DETERMINING THE JURY'S VERDICT;(NAPUE VS.ILLINOIS,360-u.s.-264,79 s.ct
at.-1177)AND"(WILLIAMS VS.TAYLOR,120 s;ct;at.-1497(2000):

APPLICANT ALSO ARGUES,THAT THE ONLY PETTINENT QUESTION'S IS WHETHER
OR NOT THE DEFENSE COUNSEL"(GRIFFIN)"PROPERLY OBJECTED AND PURSUED
THE OBJECTION TO AN ADVERSE RULING;[LEDAY VS.STATE;983 s.w.2d.at;718
(1998)]IN CONJUNCTION WITH HE HOLDS THAT HIS DEFENSE COUNSEL"GRIFFIN"
FAILED TO OBJECT TO THE TRIAL COURT'S ERRED IN INSTRUCTING THE COURT
REPORTER TO READ BACK A PORTION OF THE TESTIMONY OF[STACY CLARK]REGAR
ING "IDENTIFICATION"AND WHEN SHE SAW(BUCK),AFTER DETERMINING THAT THE
WAS NO-REFERENCE IN[STACY'S]TESTIMONY,THAT SHE SAW ANYBODY COME IN A
WINDOW,AND SUCH UNREASONABLE PREJUDICE BY THE TRIAL JUDGE CONSTITUTES
REVERSIBLE ERRORS,s.f.-326/328,UNDER QUESTIONS WHETHER THERE IS A REA
ABLE PROBABILITY THAT,BUT ABSENT THE ERRORS OR SENTENCE IN ASSOCIATIO
WITH APPELLATE COURT,TO EXTENT IT INDEPENDENTLY (NEED TO REWEIGHT THE
EVIDENCE)COULD HAVE EXIST IN BALANCING OF AGGRAVATING AND MITGATING C
CUMSTANCES DOES NOT WARRANT IMPRISONMENT FOR FIFTY-FIVE YEARS UNDER(T
.PENAL.CODE.ANN.&-22.021),U.S.C.A.CONST.AMEND.6th;&-14th Amendments;
"[BROWN VS.STATE,831 S.W.2d-at.852]"UNDER"[BLUE VS.STATE,41 s.w.3d-at
135(TEX.CR.APP.2001)]"And"[LAGRONE VS,STATE,84-tex.crim.app.609,209 s
w.411,415(1919);THAT "THE TRIAL JUDGE IS NOT PERMITTED TO COMMENT ON
THE WEIGHT OF THE EVIDENCE IN THE("JURY'S)PRESENCE OR CONVEY TO THE J
RY HIS[OPINION OF THE CASE AT ANY STAGE OF THE TRIAL],TEX,CODE.CRIM.
PROC,ART;38.05 AS IN DETERMINING WHETHER (TRAVIS)WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL IN THIS "AGGRAVATED-SEXUAL ASSAULT"CASE THIS COU
RT NEED TO CONSIDER THE TOTALITY OF THE"DAMAGING EVIDENCE"BEFORE THE
[JUDGE]OR[JURY],U.S.C.A.CONST.AMEND.6th;WITH REGARDS TO THE REQUIRED
SHOWING OF PREJUDICE UNDER;"(STRICKLAND VS. WASHINGTON,104 s.ct.at-206
(1984)"THAT THE PROPER STANDARD REQUIRES(APPLICANT)TO SHOW THAT THERE
IS A UNREASONABLE PROBABILITY THAT,BUT FOR COUNSEL'S UNPROFESSIONAL ER
ORS THE RESULTS OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT UNDER;s.f.
vol,1.at-page's-67;throughout-89,and,s.f.-at page's,326/328,THAT A REA
ONABLE PROBABILTIY DOES EXIST,AND THERE IS A PROBABILITY SUFFICIENT TO
UNDERMINE DEFENSE COUNSEL CONFIDENCE IN THE OUTCOME........
APPELLATE EXHIBIT-IX;AT-PAGE(56)OF THE TRANSCRIPT;"(TORRES,943 s.w.2d-
at.472)"APPEARS TO BE A SHORT HAND RENDITION OF THE JURT'S QUESTIONS
REGARDING THE TESTIMONY OF(DR.FELTY)And(STACY CLARK)IN ASSOCIATION WIT
ONE OF THE QUESTIONS WHICH THE"JURY"HAD WAS AS FOLLOWING......
   [DID STACY CLARK TESTIFY THAT SHE SAW ANYBODY COME IN A WINDOW]?
RATHER THAN STOPPING WITH AN EXPLANTION OR OBJECTION,REGARDING THE REF
ERENCE,"THAT THERE WAS NO-REFERENCE TO SUCH AN TESTIMONY"WHICH THE COU
RT REPORTER COULD FIND? THE TRIAL JUDGE PROCEEDED TO INSTRUCT THE"REPO
TER"TO READ BACK TESTIMONY TO THE (JURY)WHICH HE THOUGHT WAS MOST RELE
NT CONCERNING[IDENTIFICATION AND WHO SHE SAW;s.f.at page-327]:
THIS ACTION OF THE TRIAL COURT JUDGE WAS CLEARLY IMPROPER AND PREJUDIC
IAL TO THE RIGHT'S OF THE (AFFLICANT AND CONSTITUTES REVERSIBLE ERROE
UNDER ARTICLE-36.28;of the code of criminal procedure......
                                         EMPHASIS ADDED:

## IN PERTINENT PART, .. READS AS FOLLOWING:

IN THE TRIAL OF A CRIMINAL CASE IN A COURT,IN A COURT OF RECORD,(IF) THE JURY DISAGREE AS TO THE STATEMENT OF ANY WITNESS THEY MAKE UPON APP ING TO THE COURT,HAVE READ TO THEM FROM THE <u>COURT REPORTER'S NOTES THAT PART OF SUCH WITNESS TESTIMONY OR"THE PARTICULAR POINT IN DISPUTE,AND =</u> <u>OTHER:</u>     IN THE CASE OF PUGH VS.STATE,376 s.w.2d,at-760(tex.cr.app.) THE CONVICTION FOR DRUNK DRIVING WAS REVERSED;"(AS THE COURT HELD THAT THIS DEPRIVED THE DEFENDANT OF A FAIR TRIAL....)";<u>in article-36.28,of t</u> <u>code of criminal procedure(2000);has long been the standard in the stat</u> of texas:    "APPLICANT "(TRAVIS)ARGUES JUDGE[LANCE]IS CHARGED WITH A DU HE SHOULD FOLLOW AND UPHOLD UNDER THE LAW WHICH HE RECOGNIZE AS SOUND A WISE;AND[Mr.Griffin]HAS A LEGAL PROFESSIONAL AND ETHICAL DUTIES IN CONJ CTION WITH EXCLUSIVE OF AN CONSTITUTIONAL REQUIREMENTS,TO SEE THAT HIS CLIENT"TRAVIS"IS SUFFICIENTLY INFORMED ABOUT THE STATUS OF HIS CASE SO TO MAKE A PROPER DECISION OF SUBSTANTIAL LEGAL SIGNIFICANCE:(BROWN VS.S TE;831 s,w,2d,at-851(texas.cr.app.1992)"id,104 s.ct.at-2065(1984)"FOR A DEFENDANT THERE CANBE NO-DECISION MORE CRITICAL THAN WHETHER TO SEEK RE IEW OF HIS CASE BY THE STATE'S HIGHEST COURT UNDER UNREASONABLE[RESPOND 'S]"MOTION FOR SUMMARY AND JUDMENT"OF FEDERAL LAW,MEANT HAVING TO SHOW THAT THE (STATE-COURT)AND (DEFENSE COUNSEL ON TRIAL LEVEL)AND(APPEAL LE EL)HAD NOT ONLY BEEN WRONG IN APPLYING SUPREME COURT LAW IN CONJUNCTION WITH APPEAL RECORD CONTAINED[INSUFFICIENT EVIDENCE TO EVALUATE]THE INEFF ECTIVE ASSISTANCE OF COUNSEL ISSUEE ;(TORRES,943 s.w.2d.at-473),And EX- PARTE ADAMS,768 s.w.2d.at-286,IN ASSOCIATION WITH "(OWENS VS, STATE,916 W.2d.at-717)"THAT THE DEFENSE COUNSEL[Griffin]WAS SO WRONG THAT NO REASO ABLE FEDERAL COURT ANYWHERE WOULD HAVE DECIDED THE CASE THAT WAY,IN ASSO IATION WITH"(DATES ON WHICH THE IMPEDIMENT TO MAKING HIS(BRIEF INSUFFICI ENT UNDER Mr.Griffin"s activity)IN VOLATION OF THE CONSTITUTION OR LAWS OF THE UNITED STATES,IS"REMOVED,(IF)THE MOVANT"(TRAVIS)"WAS PREVENTED FROM MAKING A MOTION UNDER RULE-44.2(b)IN CONJUNCTION WITH RULE-60(b)(1) (2)And BY SUCH APPEAL COUNESL'S ACTIVITY WHICH HAVE FAILED TO MEET HIS PERFORMANCE STANDARD UNDER,"STRICKLAND"466 u.s.at.687,104 s.ct.at-2068 (1984),REPREESNTATION HAS FELL BELOW ANY OBJECTIVE STANDARD OF REASONABL 120 s.ct.1499-Williams vs.Taylor,(2000),CITING"[GULLIVER VS.DALSHEIM-687 f.2d.at-659]":

SUBSEQUENTLY,APPLICANT ARGUES THE RELEVANT FACTS CANBE DISPUTABLE AS HIS DEFENSE COUNSEL"Griffin"HAVE FAILED TO DISCLOSE FAVORABLE EVIDENCE TO TH (JURY)UPON THEIR REQUEST THROUGHOUT HIGHLY CONCEALED INCONSISTENCIES TO HIS CASE UNDER EXHIBIT'S(A)(1),(B)(C)And(d): WHEREAS,THESE INCIDENTS CAN BE ATTRIBUTABLE TO COLORABLE TACTICAL DECISION AS ENCLOSED HEREIN UNDER HE DID HAVE ACTUAL KNOWLEDGE OF THE"IMPROPER JUDGE STANDARD"TO GAUGE THE EFFECTIVENESS OFREPRESNT AT THE GUILT INNOCENCE PHASE OF THE TRIAL HAS -

CitaPDF - www.fenbo.com

FELL BELOW OBJECT1 & STANDARD OF REASONABLENE  UNDER PREVAILING PROFE
SSIONAL NORMS,REGARDING HIM[GRIFFIN]HAS FAIL TO OBJECT TO(Ms.NANCY L."
HANCOCK),c.s.r.,No#1003,in her referenced matter,As making a false ent
in or as a"False Alternative of a Governmental Record"IN VIOLATION OF
CONSTITUTION OR LAWS OF THE UNITED STATES ;id.831 s.w.2d.at-851,and"HE:
NANDEZ VS.STATE,988 s.w.2d.at776(tex,cr.app.1999)"DECISION SET A NEW P:
ECEDENT FOR TESTING COUNSEL'S INEFFECTIVE ASSISTANCE UNDER(EX PARTE DU:
)And"(WALKER,794 s.w.2d.36(1990),DEALT WITH AN INEFFECTIVE ASSISTANCE (
COUNSEL'S ERRORS WHICH DO AFFECT THE PUNISHMENT OF A NONBAPITAL OFFENS:
YET,APPLICANT NOW ARGUES HEREIN THROUGHOUT HIS"WRIT"THAT PREJUDICE IS
REMOVED UNDER HIS CASE ?(IF)HE WAS PREVENTED FROM MAKING A MOTION BY S:
DEFENSE COUNSEL("GRIFFIN")id-831 s.w. 2d.at;853(1992)IN ASSOCIATION WI:
"104 S.CT.at.-2068(1984)UNDER A UNREASONABLE PROBABILITY THAT,BUT FOR (
UNSEL'S UNPROFESSIONAL ERRORS,IN CONJUNCTION WITH ARTICLE,36.28 And 38.
Of THE CODE OF CRIMINAL PROCEDURE THE RESULT OF THE (JURY'S) PROCEEDIN(
WOULD HAVE BEEN TOTAL DIFFERENT HAD HE"GRIFFIN"OBJECTED PROPERLY UNDER
"(McFARLAND,845 s.w.2d.at-846(tex.cr.app.(1992),AS[GRIFFIN]AS A DEFENS:
COUNSEL WAS PRESENT DURING THE("TESTIMONY OF STACY CLARK")And DIDNOT CC
TRDICT HER TESTIMONY AS DID <u>JUDGE(CHARLES E.LANCE),THOUGH HE"GIFFIN"HAL
AN OPPORTUNITY TO DO SO UNDER,(S.F.VOL.1,at-page's,67-throughout-89;and
page's,326/328,of s.f.;(id.768 s.w.2d.at-286)</u>:
MOREOVERLY,"APPLIVANT"ARGUES ON THE NIGHT OF THE @ND,of October,1991;St
cy Clark And Her Younger Sister"(Tracy Clark)"STATES THEY WAS (ASLEEP)
In Their Bed,inThe (Home)OF THEIR MOTHER"MS.Darlene Clark"IN Rockdale M
liam County,Texas:[[[**WHILE THEIR MOTHER WAS BWAY FROM THE HOME AT APPRO
IMATELY 11:00-p.m.;And a male was seen in their'bedroom"OF THE(2)GIRL'S
<u>**THE CASE PRESENTED BY THE(STATE)DOES DEMONSTRATED GUILT OF APPLICAT"**</u>:**
STILL MR.GRIFFIN,DIDNOT RAISE ANY SORT OF IDENTIFICATION,AND WHO THEY _
SAW IN THE(BEDROOM)THAT NIGHT,<u>**[THE ONLY ONE HE HAD WERE HE COULD HAVE _
SUPPRESS THE"(IDENTITY)",THAT THERE IS A REASONABLE PROBABILITY,WHICH I
A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME,THAT,BU
FOR COUNSEL'S UNPROFESSIONAL ERRORS,RESULT OF THE PROCEEDING WOULD HAVE
BEEN DIFFERENT:U,S:C:A. CONST.AMEND.,6thAnd-14th IN ASOCIATION WITH WH-
ETHER COUNSEL'S PERFORMANCE WAS "DEFICIENT"BEFORE EXAMINING PREJUDICE
SUFFERED BY DEFENDANT AS RESULT OF ALLEGED DEFICIENCIES.....**</u>
ACCORDING TO THE STATES ATTORNEY("TESTIMONY"),THE INTRUDE PULLED DOWN T
PANTIES OF TRACY CLARK And (MOLESTED HER): And Applicant Argues He Did-
not "Testify In His Own Behalf During,Either Phase Of The Trial ?
MOREOVER THE JURY SENT THE TRIAL COURT A NOTE;APPLARENTLY IT HAD A"QUE-
STION"ABOUT THE POSSIBLE[<u>"ENTRY OF THE MALE THROUGH A WINDOW"</u>]UNDER S.F
vol.1,at page's-67-throughout-89,And CERTAIN PORTION OF STACY CLARK'S
TESTIMONY WERE RE-READ TO THEM AT THE DIRECTION OF THE <u>TRIAL JUDGE,Mr.
LANCE</u>: YET,"TRAVIS" ARGUES THAT"PROCEDURAL DEFAULT"AND (FORFEIT)ARE SYN-
ONYMOUS AND BOTH REFER TO CLAIM'S OR FAILURE TO INSIS UPON IT BY OBJECT-

ION,REQUEST,MOTION,OR SOME OTHER BEHAVIOR CAL_ULATED TO EXERCISE APPLI
CANT'S RIGHTS IN A MANNER COMPREHENSIBLE TO  SYSTEM IMPARTIAL UNDER RE
PRESENTATION BY THE(TRIAL JUDGE OR TRIAL COUNSEL:id.831 s.w.2d.at-848,
(1992),104 s ct.2068(1984)WERE THESE ARRANGEMENT HAS ALWAYS WORKED RAT
WELL IN THE(TRIAL)COURT AND DIRECT APPELLATE REVIEW OF A CASE ?
WHEREAS,"TRAVIS"ARGUES THAT THE TRIAL JUDGE(MR.LANCE)AS AN INSTITUTION
REPRESENTATIVE,HAS (NO)DUTY TO ENFORSE"[FORFEITABLE RIGHTS]UNLESS REQU
ESTED TO DO SO BY TRIAL COUNSEL HIMSELF.......AS IN THE INSTANT CAUSE
neither of them was not requested to do so under art.38.05;
            "IN RULING UPON THE ADMISSIBILITY OF EVIDENCE,
THE JUDGE SHALL NOT DISCUSS OR[COMMENT UPON THE WEIGHT OF
THE SAME OR ITS BEARING IN THE CASE,BUT SHALL SIMPLY DECIDE
WHETHER OR NOT IT IS"(ADMISSIBLE]";NOR SHALL HE,AT ANY STAGE OF THE PRO
EEDING PREVIOUS TO THE RETURN OF THE VERDICT,MAKE ANY "REMARK"CALCULAT
TO CONVEY TO THE JURY HIS (OPINION OF THE CASE)..........And The Trial
Took Judicial Notice Of THE RELEVANT CONCERNING IDENTIFICATION AND WHO
SHE(STACY'S SAW,S.F.vol,1.at;327,AND ALL OF THE PROCEEDINGS AND ALL OF
THE DOCUMENTS IN CAUSE#18,167;
APLICANT ALSO CONTENDS HIS RIGHTS WHICH HAVE BEEN WAIVEABLE THROUGH IN
FECTIVE ASSISTANCE OF COUNSEL ONLY ? AS WELL AS AN ABSOLUTE SYSTEMIC R
QUIREMENTS IS PROHIBITED IN ASSOCIATION WITH THE ENCLOSED ISSUES CANNO
BE MADE SUBJECT TO RULES OF PROCEDURAL DEFAULT,IN CONJUNCTION WITH DEF
ITION THEY ARE NOT"FORFEITABLE".....(ENGLE VS.ISAAC,456 u,s,107,126-12
102-S.CT.AT;1570,71 1.ed.2d 783(1982)And"104 S.CT.at-2066(1984)An INEF
CTIVENESS CLAIM,HOWEVER,AS OUR ARTICULATION OF THE STANDARDS THAT GOVE
DECISION OF SUCH ENCLOSE CLAIMS MAKES CLEAR;IS AN ATTACK ON THE FUNDAM
TAL FAIRNESS OF THE PROCEEDING WHOSE RESULT IS CHALLENGED UNDER ATTACH
EXHIBITE'S(a),(b)(c)And(d):id-851 s.w.2d,at.281.....
APPLICANT ALSO SUGGEST THAT THE TRIAL COURT'S HANDLING OF THE(GUILT-INN
CENCE PHASE)OF THE TRIAL WAS TOTAL IMPROPER AND PREJUDICIAL TO HIM WERE
HIS CRIMINAL DEFENSE COUNSEL"GRIFFIN MUST HAVE A FIRM COMMAND OF THE -
FACTS OF THE CASE UNDER PAGE'S OF THE TRANSCRIPT,at-PAGE(56)AND"S.F.vol
1,at.page's;67-throughout 89",AS WELL AS GOVERNING LAWS BEFORE HE CAN
RENDER REASONABLY EFFECTIVE ASSISTANCE TO(TRAVIS)IN OR OUT OF THE COURT
ROOM;id-845,s.w.2d.at-847(TX.CR.APP.1992)"McFARLAND",CERT.DENIED-U.S.11
S.CT.at-2937,124,1.ed.2d-686(1992)IN-CONJUNCTION WITH DEFENSE COUNSEL -
"(Griffin)" WAS PRESENT DURING THE TESTIMONY ABOVE AND DIDNOT CONTRADIC
HER TESTIMONY HEREIN,THOUGH HE HAD AN OPPORTUNITY TO DO SO UNDER REASON
LE PROBABILITY,WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE HIS CONFI
ENCE IN THE OUTCOME,THAT ,BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS HEREI
ENCLOSED,RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT.....(STRICK
LAND,VS.WASHINGTON;104 SCT.at-2068(1984),UNDER IDENTIFY ACTS OR OMISSIO
S OF(Griffin) AS A DEFENSE COUNSEL,THAT HE PROVE RESULTS OF UNREASONABL
PROFESSIONAL JUDGMENT IN ASSOCIATION WITH THE SIXTH AMENDMENT CLAIMS OF
INEFFECTIVE ASSISTANCE OF COUNSEL HAS(PREJUDICE)APPLICANT'S CONTEXT OF
CONFLICTING TESTIMONY HEREIN,IS PRESUMED ONLY IF [EVERAGE]HAS DEMONSTRA
ED THAT HIS COUNSEL'S WAS REPRESENTING AN CONFLICTING INYEREST UNDER EX
IBIT'S HEREUN,AND THAT AN ACTUAL CONFLICT OF INTEREST ADVERSELY HAS AFF
TED HIS LAWYER'S PERFORMANCE ,U.S.S.CONST.AMEND.6th:id-831,s.w.2d;849(1
92)"BROWN";
SUBSEQUENTLY,APPLICANT ARGUES RATHER THAN (GRIFFUN)VOICING AN"OBJECTION
OR STOPPING THE TRIAL COURT JUDGE"FROM ABUSING IT'S DISCRETION WITH IN
EXPLANTION THAT THERE WAS SOME REFERENCE TO SUCH TESTIMONY,THAT THE JUR
REQUESTED,WHICH THE COURT REPORTER COULD FIND,"(HE)"LET THE TRIAL JUDGE
PROCEEDED UNDER UNREASONABLE PROBABILITY TO INSTRUCT THE COURT REPORTER
TO READ BACK ILLEGAL TESTIMONY TO THE(JURY) WHICH HE THOUGH WAS MOST -

RELEVANT CONCER.  IG"IDENTIFICATION"AND WHO  IE SAW,S.F.at-page,327-
UNDER ACTUAL INEFFECTIVENESS RELATING TO DEFICIENCY IN HIS PERFORMANCE
ARE SUBJECT TO GENERAL REQUIREMENT THAT APPLICANT AFFIRMATIVELY PROVE
PREJUDICE:
WHERE THIS ACTION OF THE DEFENSE COUNSEL"GRIFFIN" FAILURE TO OBJECT TO
[STACY'S]PRIOR CONFLICTING TESTIMONY UNDER VOL-1;at page-89,IS A REASON
ABLE PROBABILITY THAT HIS FAILURE TO OBJECT HAS FELL BELOW AN OBJECTIVE
STANDARD OF REASONABLENESS UNDER PREVAILING PROFESSIONAL NORMS REGARD-
ING TRIAL JUDGE HAS ABUSE ITS DISCRETION,WHEN IT ALLOWED THE COURT RE-
PORTER TO RE-READ A PORTION OF A WITNESS'S TESTIMONY THAT EXCEEDED THE
SCOPE OF THE JURY'S QUESTION ABOUT THE INCONSISTENT TESTIMONY AND CON-
LICTING RECORDS UNDER CONCEALED TESTIMONY THAT HAS CREATED MORE CONFUS
ION IN THE JURY'S MIND WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE
CONFIDENCE IN THE OUTCOME,THAT BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS,
RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT;U.S.C.A.CONST.AMEND.
6th,TO EXTENT IT INDEPENDENTLY REWEIGHT THE EVIDENCE:
"(BROWN VS.STATE,831 s.w.2d,at-848,849(1992)And(EXPARTE -ADAMS,768 S.W.
2d,at-285):    "APPLICANT ARGUES-Mr.Griffin STATED ?"
        (NO OBJECTION,YOUR HONOR)...........
        THE COURT:FROM APPELLATE,#6:"STACY WHICH WINDOW DID BUCK USE ?
        THE WITNESS:MY MOTHER'S WINDOW;
        THE COURT:I'M SORRY ?
THE WITNESS:MY MOTHER'S WINDOW;
        the cout;YOUR MOTHER'S WINDOW FROM HER BEDROOM?
        the witness:(witness Nodding):
THE COURT:OKAY ,ANY OTHER QUESTION ?
APPLICANT ARGUES THAT DEFENSE COUNSEL"(Griffin)"HAS FAILURE TO OBJECT
TO THE TRIAL COURTS ACTION UNDER ARTICLE,36.28-OF THE CODE OF CRIMINAL
PROCEDURE HAVE VOLATED HIS RIGHTS OF EFFECTIVE ASSISTANCE OF COUNSEL -
IN PERTINENT PART,AS IT READS AS FOLLOWING;
IN THE TRIAL OF A CRIMINAL CASE IN A COURT,IN A COURT OF RECORD,(IF)
THE JURY DISAGREE AS TO THE STATEMENT OF ANY WITNESS THEY MAKE,UPON -
APPLYING TO THE COURT,HAVE READ TO THEM FROM THE COURT REPORTER'S NOTES
THAT PART OF SUCH WITNESS TESTIMNY OR THE PARTICULAR POINT IN DISPUTE,
AND NO-OTHER:;

APPLICANT ALSO ARGUES HE WAS REPRESENTED BY HIS PREVIOUS[APPEAL COUNSE
WHOM FAILED TO RAISE EVIDENCE,CONTRADICTING(STACY'S)TESTIMONY,WHICH HA
FELL BELOW AN OBJECTIVE STANDARD OF REASONABLE PROBABILITY TO FILE IN
PROPER CLAIM],ON TRIAL COUNSEL'S PERFORMANCE HAS RENDERED HIM INEFFECT
IVE ASSISTANCE OF COUNSEL IN CONJUNCTION WITH EVIDENCE AND REPORT'S -
CONTRADICTING TESTIMONY OF THE ONLY EYEWITNESS TO THE ALLEGED CRIME...
"(CLAY VS.BLACK-479 f.2d,at;322(1973)IN-ASSOCIATE WITH,EX-PARTE,TORRES
943 S.W,2d.at-469(TEX.CR,APP,1997)And(104 s.ct.at-2068);("GRANY VS.ART
UZ,931 f,supp.at-1053");UNDER TRIAL COUNSEL'S ASSISTANCE WAS INEFFECTI
VE,WHERE THE PRETEXT OF HIS PERFORMANCE HAS PREJUDICE "TRAVIS")AND PRE
VENTED HIM FROM MAKING ANY OBJECTIONS TO THE EXCEEDING OF THE JURY'S
QUESTION ABOUT ANY DISPUTES;UNDER(S.F.at-327,and"S.F.vol.1,at.page's
67-throughout-89),BECAUSE HE FAILED TO CONDUCT AN INDEPENDENT INVESTI-
GATION OF THE FACTS,IN CONJUNCTION WITH HE HAS FAIL TO OBJECT TO THE
TRIAL COURTS"ABUSING IT'S DISCRETION",(THEREBY)DENYING TRAVIS THE RIGH
'S TO EFFECTIVE ASSISTANCE OF COUNSEL AND "DUE PROCESS OF THE LAW"GUAR
ANTEED BY THE STATE AND FEDERAL CONSTITUTIONS)id;831 s.w.2d,at-849;U.S
CONST.AMEND;VI,XIV;TEX.CONST.ART;1,8,10:
IN THE INSTANT CASE,WERE"(TRAVIS)ARGUES THE JURY'S REQUEST DID INDICAT
ED THAT THEY HAD A,[QUESTION ABOUT STACY'S TESTIMONY]CONCERNING SEEING
SOMEONE COMING IN THROUGH"HER"MOTHER'S WINDOW;IN VIOLATION OF THE APPL
ICANT'S RIGHTS,"WERE THE(DISTRICT COURT)COMMENTED ON THE WEIGHT OF A -
PART OF THE EVIDENCE",vol-2,at.page-327;And emphasize the(witness's te
timony concerning the"Identification of Applicant(Travis)(Everage)As -

THE PERSON NAME"/ 'CK)",WHO STACY SEEN CLAI? 'G IN THE WINDOW,OR WHO
SHE SAW IN THE BL_ROOM;And FAIRNESS DID-NOT PREVAIL,And,[TRAVIS WAS DE-
PRIVED OF A FAIR TRIAL;id.104 S.CT.at-2068(1984):

AS APPLICANT ARGUES THE GRAVITY OF THE ERRORS IN THIS SITUATION WAS SO
GREAT AS TO CONSTITUTE FUNDAMENTAL ERROR UNDER UNREASONABLE PROBABILITY,
WHICH IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME
PRETAINING TO THE JURY'S REQUEST IN ASSOCIATION WITH THE DISTRICT COURT
"ABUSING IT's discretion"IN COMMENTING ON THE WEIGHT OF THE EVIDENCE,
THAT,BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS RELATING TO INEFFECTIVE ASS
ISTANCE OF COUNSEL,(RATHER THAN),IMPROPER OBJECTION ON THE PART OF TRIAL
COUNSEL[GRIFFIN]FOR APPLICANT WAS NECESSARY,IN MAKING A UNTIMELY AND SP-
ECIFIC OBJECTIONS TO NO-REFERENCE TO SUCH TESTIMONY WHICH THE COURT REP-
ORTER COULD NOT FIND,UNDER S.F.vol.1;at.pages-67-throughout-89,that Resu
lt's of the proceeding would have been totally different...U.S.C.A.CONST
AMEND;6th.and14th:And"DEFENSE COUNSEL"ON TRIAL LEVEL MUST HAVE SECURE
A SPECIFIC RULING ON AN OBJECTION IN ORDER TO PRESERVE ERROR'S FOR APPE-
AL LEVEL;"(TORRES,943 S.W.2d,at.477)":MOORE VS.GIBSON,195 f.3d.at;1170;
IN ASSOCIATION WHERE SPECIFIC ALLEGATIONS BEFORE THE COURT SHOWS REASON
TO BELIEVE THAT THE PETITIONER MAY,(IF)THE FACTS ARE FULLY DEVELOPE,BE
ABLE TO DEMONSTRATE THAT HE IS,"(ENTITLED TO RELIFE)",IT IS THE DUTY OF
THE COURT TO PROVIDE THE NECESSARY FACILITIES AND PROCEDURES FOR AN ADEQ
UATE INQUIRY,AS[APPLICANT]"TRAVIS"THE PURPOSE OF THIS IS TO PLAINLY DET-
ERMINE THAT A DEFENDANT HAS THE ASSISTANCE NECESSARY TO JUSTIFY RELIANCE
ON THE OUTCOME OF THE TRIAL LEVEL;at-page"s(72),(73),AND THAT THE UNPROF
ESSIONAL,(ACTS)OR(OMISSIONS)WERE SO PREJUDICED AND UNREASONABLE THAT THE
,HAD AN ADVERSE AFFECT ON THE DEFENSE AND THE RESULTS AT"EXHIBIT(IX)PAGE
56,OF THE MISSON TRANSCRIPT,AND (S.F.at;PAGE-327),AND vol.1,at.page's-
67,throughout-89;"
And APPLICANT ALLEGES CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ON(APP
ELLATE COUNSEL'S FOR ALLEGELY FAILING TO RAISE ON[DIRECT APPEAL],CLAIMS
OF PROSECUTOR KNOWINGLY USED PERJURED TESTIMONY IN"TRAVIS"TRIAL AND KNO-
WINGLY WITHHELD EXCULPATOPY EVIDENCE TENDING TO "CONTRADICT TESTIMONY OF
KEY PROSECUTION WITNESSES ABOVE AT-PAGE(67)THROUGHOUT(89)FOLLOWING PERJU
DICE GUIDELINE'S FOR THE TRIAL COURT JUDGE,RATHER THAN,DEFENSE COUNSEL -
AT ANY STAGE OF THE PROCEEDING UNDER UNREASONABLE PROBABILITY,PREVIOUS
TO THE RETURN OF THE ILLEGAL VERDICT MAKING CONCERNING ANY REMARKS CALE
ULATED TO CONVEY TO THE(JURY),HIS OPINION ON THE CASE AT,(S.F.-PAGE;327):

WHEREAS,APPLICANT ARGUES THE TRIAL COURT'S REMARKS TO THE JURY AND INSTRU
STIONS TO THE:(COURT REPORTER),WAS ACTUAL PREJUDICE TO[TRAVIS]UNDER UNR
EASONABLE PROBABILITY,THAT,ABSENT THE ERRORS OR TESTIMONY WHICH HE"GRIFF-
IN",HAD OF HER RE-READ TO THE JURY DOES CLEARLY INDICATE THE COURTS FEEL
ING THAT SUCH TESTIMONY WAS IMPORTANT TO THE CONVICTION OF THE ACCUSE:
WHEREAS,APPLICANT ARGUES THAT UNDER"(DIRECT EXAMINATION)"OF STACY CLARK
BY Ms.COBURN;HIS DEFENSE COUNSEL(GRIFFIN)HAS FAIL TO OBJECT TO[STACY'S]
TESTIMONY WHICH IS UNCONTRADICTING UNDER HER TESTIMONY,BELOW THAT THERE
IS A REASONABLE PROBABILITY THAT,"ABSENT"THE Identified OF(TRAVIS) UNDER
S.F.,vol.1,at.72,73,77,and 78,82,83,89,were prejudice are outside wide
range of professional incompetent assistance,that there is a reasonable
probability which is a conflict of interst has affected his lawyer's per
formance,under probability sufficient to undermine confidence in the con
tradicting testimony by"(Stacy)that,but for connsel's unprofessional err
ors results of the proceeding would have been different under the balan-
cing of any aggravating and mitigating circumstances of the enclose vol'
s;         "APPLICANT ALSO CONTENDS,FOR REASONS MORE FULLY DEVELOPED AND CO
NSIDERING HER TESTIMONY IN THE LIGHT MOST FAVORABLE TO THE STATE,IT IS
CLEAR THAT THE DEFENSE COUNSEL("GRIFFIN")HAS FAIL IN DISCHARGING HIS BU-
RDEN OF PROVING [INCONSISTENT TESTIMONY]AND CONFLICTING RECORDS UNDER
REQUISITE FACTUAL AND LEGAL INVESTIGATION WHICH HAS RESULTED IN ABANDON-
MENT OF THE ONLY VIABLE DEFENSE AVAILABLE AND"IN-TURN",A PROMPTED TRIAL
COUNSEL TO PRESENT A DEFENSE THAT IS RELIED ON ACCEPTANCE OF THE ENCLOSE

TESTIMONY OF A STATE-WITNESS WHO,HAD BEEN COACHED AS BEING INCAPABLE
OF DISTINGUISHING BETWEEN THE[TRUTH AND FALSLYHOOD]UNDER SPECIAL ISS-
UES BEFORE THE JURY,EVEN RETIRED TO DELIBERATE,BECAUSE TRIAL COUNSEL
DIDNOT TAKE THE TIME TO OBJECT TO HER TESTIMONY:"(McFARLAND,845 s.w.2d;
at.-845(tex.cr.app.1992)And"Adams,768,s.w.2d.at-287":IN-ASSOCIATION WITH
"KIMMELMAN VS.MORRISON,106 s.ct.at.-2579(1986)",104 s.ct.at,2067,68(1984
AT THE OUTSET;THE STATE'S ARGUMENT MUST FAIL FOR ANOTHER EQUALLY COMPELL
ING REASON THAT EXPERIENCE HAS TAUGHT(TRAVIS)THAT IN MOST INSTANCES WHE-
RE THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IS RAISED,943 s.w.2d;
at-477,

# " EXHIBIT A-1 "

1  to call Stacy Clark at this time and

2  I think that would probably be our

3  last witness this evening.  We are

4  prepared to go on, but considering the

5  hour --

6  THE COURT:  Mrs. Clark, would you go

7  get your daughter, please, Stacy?

8  For the record, I'm going to

9  allow Mrs. Clark to remain present

10  in the courtroom while her daughter

11  Stacy is testifying, it's an **exception**

12  to the Rule because of the age of **the**

13  child involved.

14  Stacy?  Is that right? Stacy,

15  I need to get you to raise your right

16  hand.  Can you do that for me?

17  " DIRECT EXAMINATION OF STACY CLARK, called as a "

18  witness, having been sworn to tell the truth, the whole

19  truth, and nothing but the truth, testifies on her oath as

20  follows, to-wit: "

21  THE COURT:  Will you do that for me?

22  You need to say yes or no.

23  THE WITNESS:  Yes.

24  THE COURT:  Thank you.  You can take

25  down your hand..

FORM 2694 PENGAD/INDY 1 800 631 6989

CMPDF - www.fenix.com

Stacy, how old are you?

THE WITNESS:  Eight.

THE COURT:  You are eight years old?
What is your last name?

THE WITNESS:  Clark.

THE COURT:  Stacy Clark.  What grade
are you in in school?

THE WITNESS:  Third.

THE COURT:  What is the name of the
school?

THE WITNESS:  Rockdale Elementary
School.

THE COURT:  Stacy, I know that I can
hear you, but you need to speak up
just a little bit because this
gentleman here -- see him against
that ugly green papered wall up there?
He's got to hear you and the ladies on
the back row have to hear you, because
they are important people and they
tell me what the facts are and if they
can't hear you, they can't help me.
Okay?  We need your help today.  All
right?  Will you do that for me?
I may have to remind you to speak up

68

1          every now and then, but I have to do

2          that for grown ups too, so don't feel

3          like I'm picking on you.

4    BY MS. COBURN:

5        Q.    Stacy, can you tell me where you live?

6        A.    In Rockdale.

7        Q.    What grade are you in in school?

8        A.    Third.

9        Q.    Can you tell me what your mother's name is?

10       A.    Darlene.

11       Q.    What is your little sister's name?

12       A.    Tracy.

13       Q.    How old is Tracy?

14       A.    Six.

15       Q.    Do you remember the night that she got hurt?

16       A.    (witness nodding)

17       Q.    Do you think you can help us in telling what

18   happened that night?

19       A.    Yes.

20       Q.    How did the evening start out?  Did you have to

21   get ready for bed?

22       A.    (witness nodding)

23       Q.    Who got you ready for bed?

24       A.    Mama.

25       Q.    How does your mother get you ready for bed?

FORM 2094 PENGADINKY 1-800-631-6989

69

1    A.        Bathe me and put on my pajamas and put me in

2    bed.

3                              THE COURT:  Speak up just a little bit.

4                              MR. LEWIS:  Maybe we could wait for

5                          the train, your Honor.

6                              THE COURT:  That's a good idea with

7                          all witnesses.

8    BY MS. COBURN:

9        Q.        That night what were you going to wear to bed?

10       A.        A gown.

11       Q.        Were you going to wear anything else to bed?

12       A.        No.

13       Q.        You just wear a gown and nothing else?

14       A.        Panties.

15       Q.        Do you always wear panties when you go to bed?

16       A.        (witness nodding)

17       Q.        What did Tracy wear to bed?

18       A.        A gown and panties.

19       Q.        Is that the way you are usually dressed to go to

20   bed?

21       A.        (witness nodding)

22       Q.        Where do you sleep?

23       A.        The bedroom.

24       Q.        Do you sleep with Tracy?

25       A.        Uh-huh.

FORM 2094 PENGAD/INDY 1-800 631 6989

70

Q.      What do you sleep on?

A.      A Bed.

Q.      How many beds were in your bedroom?

A.      Two.

Q.      Can you tell me what kind of beds they were?

A.      A big bed and a little bed.

Q.      If I show you a model of a big bed and a little
bed, would you be able to tell me if that's the way your
beds were that night?

Can you point and show me the big bed?

A.      (witness pointing)

Q.      Would you let the record reflect that she has
pointed to the larger of the two beds?

Could you show me the small bed?

A.      (witness pointing)

Q.      Would you let the record reflect that she has
pointed to the smaller bed.

Could you show me the bed that you and Tracy
was sleeping in that night?

A.      (witness pointing)

Q.      Would you let the record reflect that she is
pointing to the larger of the two beds?

MR. GRIFFIN:  Excuse me, your Honor,

but the manner in which the Assistant

D.A. is using the model is highly

71

suggestive and she's asking her to
point to which bed, she's indicating
the bigger bed and to that I object,
your Honor.  If she will just hold
it in the middle without moving it
towards the witness, we would have no
objection.

THE COURT:  The objection is sustained.
Don't angle the model, counsel.

BY   MS. COBURN:

Q.   Stacy, was the small bed arranged the same way
as we have put it here?

A.   (witness shaking head)

Q.   Can you arrange the beds so that they were the
way they were in your bedroom that night?

A.   This is the way they were.

Q.   This is the way they were?  You're quite happy
with the way these are arranged?

A.   (witness nodding)

Q.   If the two of you were asleep, can you tell us
what happened next that you can remember?  Did you wake up?

A.   (witness nodding)

Q.   What was it that made you awaken?

A.   A zipper.

MR. GRIFFIN:  Excuse me, your Honor.

72

The model is blocking --

THE COURT:  What did you say, Stacy?

THE WITNESS:  A zipper.

THE COURT:  A zipper?  A zipper woke you up?  Okay.

BY MS. COBURN:

Q.     When you opened your eyes, what did you see in the room?

A.     Buck.

Q.     Can you look around this room and see anybody that looks like Buck?

A.     (witness nodding)

Q.     Where is Buck?

A.     (witness pointing)

Q.     Can you tell me what color shirt he has on?

A.     Yellow and white.

Q.     Is he sitting beside a man with a suit?

A.     Uh-huh.

THE COURT:  The record will reflect that the witness has identified the Defendant.

BY  MS. COBURN:

Q.     How do you know Buck?  Does Buck live near you?

A.     (witness shaking head)

Q.     Does he go by your house?

# " EXHIBIT B "

1   A.   (witness nodding)  Uh-huh.

2   Q.   Does Buck have any brothers or sisters?

3   A.   He has a brother.

4   Q.   What is his brother's name?

5   A.   Brad.

6   Q.   How old is Brad?  Do  you know where Brad lives?

7   A.   (witness nodding)

8   Q.   Where does he live?

9   A.   By the church.

10   Q.   Right beside the church?

11   A.   (witness shaking head)

12   Q.   What is between his house and the church?

13   A.   A house, a white house.

14   Q.   Is he close to you or far away from you?

15   A.   Far away from me.

16   Q.   So, he's not just one house or two houses down

17   from where you live?

18   A.   (witness nodding)

19   Q.   Past the church?

20   A.   (witness shaking head)

21   Q.   Does he live past the church?

22   A.   (witness nodding)

23   Q.   What is in between the church and his house?

24   A.   A house.

25   Q.   Can you show me where Tracy was when she went to

FORM 2094 PENGAD/INDY 1-800-631-6989

1    sleep?

2         A.      (witness pointing)

3         Q.      Where was Tracy when you woke up?

4         A.      On that bed.

5         Q.      Did you see how Tracy got into that bed?

6         A.      (witness nodding)

7         Q.      How did Tracy get into that bed?

8         A.      She got drug from the big bed to the little bed.

9         Q.      What do you mean she got drug?

10        A.      She got pulled to the big bed.

11        Q.      What happened to Tracy?

12        A.      She got pulled from the big bed to the little

13   bed.

14        Q.      How did she get pulled from the big bed to the

15   little bed?   Did your mother pull Tracy from the big bed

16   to the little bed?

17        A.    . No.

18        Q. ·   Who pulled Tracy from the big bed to the little

19   bed?

20        A.      Buck.

21        Q.      How did Buck pull Tracy from the big bed to the

22   little bed?   Is there any way that you can tell us what he

23   did?   Can you show us on your legs or your arms or your hair

24   what he did?   When he got her into this bed, what did he do

25   then?

FORM 2094 PENGAD/INDY 1-800-631-6989

75

CtdsPDF - www.teslio.com

A.  He pulled up her dress.

Q.  What did he do after that?

A.  Took off her panties.

Q.  And what did he do after that?

A.  Stuck his finger up in her.

Q.  Where?  Can you show us?

A.  (witness pointing)

Q.  Will you let the record reflect that she is pointing to her female vagina area.

Stacy, let's go back.  We had Tracy in this bed with you and she's in this bed now.  How did she get from this bed to this bed?

A.  She got pulled from the big bed to the little bed.

Q.  Who pulled her from the big bed to the little bed?

A.  Buck.

Q.  How did Buck pull her from the big bed to the little bed?

A.  With his hand.

Q.  Where did he put his hands?

A.  On her feet, on her legs.

Q.  What did he do after that?

A.  Picked her up and put her on the little bed.

Q.  Was Tracy awake?

76

1    A.    Huh-un.

2    (At this time the Assistant
District Attorney was requested
3    by the Court Reporter to please
speak up after which the following
4    proceedings were had, to-wit:)

5    BY MS. COBURN:

6    Q.    Can we go back over that?  How did he get her

7    from this bed to this bed?

8    A.    Pulled her.

9    Q.    How did he pull her?

10    A.    With his hands.

11    Q.    How --

12    MR. GRIFFIN:  Your Honor, I'm going to

13    object.  This has been asked and

14    answered.  The defense was able to

15    hear the answer the first time.

16    THE COURT:  Sustained.

17    BY MS. COBURN:

18    Q.    Stacy, what happened after Buck touched her in

19    her private parts or touched her between the legs?  Did

20    Buck stay there for a long time?

21    A.    (witness shaking head)

22    Q.    What did he do?

23    "    A.    He went back out the window.    "

24    Q.    Can you tell us, did he just go straight out the

25    window or did he go to some other places?

77

1    A.      The window he came in and he went back out.

2    Q.      What did he do after that?

3            MR. GRIFFIN:  Your Honor, excuse me.

4    I didn't hear that answer.

5            THE COURT:  He went out the window he

6    came in -- I mean -- He went out the

7    window that he had come in.

8    BY MS. COBURN:

9    Q.      Did he go any other place in your house?

10   A.      Behind my door.

11   Q.      How --

12           MR. GRIFFIN:  Excuse me.  I didn't

13   hear --

14           THE COURT:  He went behind the door

15   before he went out the window.

16   BY MS. COBURN:

17   Q.      How could you tell it was Buck?

18   A.      I saw his face.

19   Q.      Were there any lights on in the house?

20   A.      (witness nodding)

21   Q.      Where did your mother leave a light on?

22   A.      In the kitchen.

23   Q.      Why did your mother leave a light on in the

24   kitchen?

25   A.      By the living room door.

FORM 2094 PENGAD/INDY 1 800 631 6989

78

1    Q.      Why does she do that?  Do you get up to go to

2  the bathroom in the night?

3    A.      (witness nodding)

4    Q.      Can you turn on your own light to go to the

5  bathroom?

6    A.      (witness nodding)

7    Q.      Do you like to leave on the kitchen light?

8    A.      (witness nodding)

9    Q.      Do you leave on the kitchen light all night

10  long?

11    A.      Yes.

12    Q.      Why do you leave it on all night long?

13    A.      I don't know.

14    Q.      Does the light come down into your bedroom?

15    A.      Uh-huh.

16    Q.      Can you tell us where Buck was?  Was he on the

17  bed or off the bed?

18    A.      Off the bed.

19    Q.      What was Tracy doing while all of this was

20  going on?

21    A.      Hollering.

22    Q.      Was she hollering very loud?

23    A.      (witness shaking head)

24    Q.      Was she crying?

25    A.      (witness nodding)

FORM 2694 PENGAD/INDY 1 800 631-6989

CMPDF - www.tesisi.com

# "EXHIBIT -C"

Q.      I pass the witness, your Honor.

        THE COURT:  Cross examination, Mr.

Griffin?

        MR. GRIFFIN:  Thank you, your Honor.

                CROSS EXAMINATION

BY MR. GRIFFIN:

Q.      Stacy, you say that you know Buck.

A.      (witness nodding)

Q.      Do you know Buck's other brothers?

A.      (witness nodding)

Q.      Do you know Brad?

A.      (witness nodding)

Q.      Do you know Bertram?

A.      (witness nodding)

Q.      Do you know Byron?

A.      (witness nodding)

Q.      Bryan?

A.      (witness nodding)

Q.      Do you know Herbert?

A.      (witness nodding)

Q.      Is Herbert Buck's brother also?

A.      (witness nodding)

Q.      Do all the brothers look alike, Stacy, to you?

A.      (witness shaking head)

Q.      You can tell them apart easily?

A.    (witness nodding)

Q.    No further questions, your Honor.

            THE COURT:  Anything else for the

      State?

            RE-DIRECT EXAMINATION

BY MS. COBURN:

Q.    Stacy, do you know Tennie?

A.    (witness nodding)

Q.    Who is Tennie?

A.    His mother.

Q.    Can you name some of the brothers that Buck

has?

A.    Brad, Byron.

Q.    What one is about your age or little bit older?

Are they all bigger than you?

A.    (witness shaking head)

Q.    Is there one smaller than you?

A.    (witness nodding)

Q.    Would you let the record reflect she is saying

yes?

      Who is the one that is younger than you?

      Stacy,  just before I finish with you I want to

ask you one more question, did Buck go to any other place

in the house while he was there?

            MR. GRIFFIN:  Objection, your Honor.

81

1        That's been asked and answered.

2        THE COURT:   True, but I'll allow it

3        anyway.   Overruled.

4        MR. GRIFFIN:   Thank you, your Honor.

5        THE WITNESS:   In the kitchen.

6    BY MS. COBURN:

7        Q.    Why did he go in the kitchen?

8        A.    To get the dishrag.

9        Q.    What did he do with the dishrag?

10       A.    He brought it back in my room and wiped Tracy.

11       Q.    Where did he wipe Tracy?

12       MR. GRIFFIN:   Excuse me.   I didn't

13       hear that.

14       THE COURT:   He went and got a dishrag

15       to wipe Tracy.

16   BY MS. COBURN:

17       Q.    Where did he wipe Tracy?

18       A.    Between her legs.

19       Q.    And what did he do then?

20       A.    Went back out the window.

21       Q.    Did he do this before he went out the window --

22       THE COURT:   The answer was:   he went

23       out the window.

24   BY MS. COBURN:

25       Q.    So, he went out into the kitchen, got a cloth

82

and wiped Tracy?

A.    (witness nodding)

Q.    And then did he go out the window?

A.    (witness nodding)

Q.    Did he only go out the window once?

A.    (witness shaking head)

Q.    Are you sure?

A.    (witness nodding)

Q.    Pass the witness, your Honor.

THE COURT:  Anything else, Mr. Griffin?

MR. GRIFFIN:  Just one moment, your Honor.

THE COURT:  While he's conferring with his client, does any member of the jury have a question?

Counsel?

RE-CROSS EXAMINATION

BY MR. GRIFFIN:

Q.    Stacy, you said that this person went into the kitchen and got a washcloth?

A.    (witness nodding)

Q.    And then came back?

A.    (witness nodding)

Q.    No further questions, your Honor.

FURTHER DIRECT EXAMINATION

BY MS. COBURN:

Q.      Tracy, who is the man that lives at your
house?

A.      Sam.

Q.      How long has Sam lived at your house?  One year?

A.      (witness shaking head)

Q.      Two years?

A.      (witness shaking head)

Q.      Forever?

A.      (witness nodding head)

Q.      Can you let the record reflect that she is
nodding yes?

        ✳       Tracy, what kind of person is Sam?  Is he
kind?

A.      (witness shaking head)

Q.      Is he mean?

A.      (witness nodding head)

Q.      Did he hurt you that night?

A.      (witness shaking head)

Q.      Did he hurt Stacy that night?

A.      (witness shaking head)

Q.      Did he come into your bedroom at all that night?

A.      (witness shaking head)

Q.      Does he ever come into your bedroom?

A.      (witness shaking head)

84

FORM 2094 PENGADINDY 1-800-631-6989

# "EXHIBIT D."

1 Q. Did he ever touch you?

2 A. (witness shaking head)

3 Q. Does he ever touch Stacy?

4 A. (witness shaking head)

5 Q. Pass the witness, your Honor.

6 THE COURT: Is there anything else?

7 MR. GRIFFIN: Just one question.

8 FURTHER CROSS EXAMINATION

9 BY MR. GRIFFIN:

10 Q. Does Sam drink a lot, Stacy?

11 A. (witness nodding head)

12 Q. No further questions, your Honor.

13 THE COURT: Is there anything else?

14 MR. LEWIS: No, your Honor.

15 THE COURT: Would you collect the

16 questions by the jury member, please?

17 Appellate's #4 and #5.

18 Is there any objection to #4?

19 MR. GRIFFIN: No, not to #4, your

20 Honor.

21 MR. LEWIS: Your Honor, as to this

22 question, I intend to recall Darlene

23 Clark and I think this question is

24 probably more appropriately asked of

25 her as opposed to this child.

MR. GRIFFIN:  I think she's already answered the question.

THE COURT:  I'll ask the question.

From Appellate #4:  Stacy, did the wash cloth come from the kitchen?

THE WITNESS:  (witness nodding)

THE COURT:  Did you hear water running while he was in the kitchen?

THE WITNESS:  No.

THE COURT:  Do you know whether it was a wet or dry wash cloth?

THE WITNESS:  A wet.

THE COURT:  A wet?  Do you know how it got wet?

THE WITNESS:  In the dishwater.

THE COURT:  The dishwater?  It was dipped in the dishwater?

THE WITNESS:  (witness nodding)

THE COURT:  From Appellate #5:  Do you know whether or not both the front door and the back door were locked?

THE WITNESS:  (witness nodding)

THE COURT:  Were they locked or not?

THE WITNESS:  They was locked.

THE COURT:  Do you always lock the

86

FORM 2094 PENGAD/INDY 1-800-531-6989

front door and the back door?

THE WITNESS:  (witness nodding)

THE COURT:  Does your Mom always lock them when she goes out?

THE WITNESS:  (witness nodding)

THE COURT:  That's yes?    All right.

Try to remember to say yes or no, because I know you are communicating with me, but Mrs. Hancock has to put down yes or no.  Okay?

THE WITNESS:  (witness nodding)

THE COURT:  You said a person you called Buck came in the window?

THE WITNESS:  (witness nodding)

THE COURT:  Is that right?

THE WITNESS:  Uh-huh.

THE COURT:  Yes?

THE WITNESS:  (witness nodding)

THE COURT:  Yes?

THE WITNESS:  (witness nodding)

THE COURT:  Okay.  The record will reflect she's shaking her head up and down, indicating yes.

Do you know whether or not Sam has a door key?

1 THE WITNESS:  (witness shaking head)

2 THE COURT:  You don't know whether he

3 does or he does not?

4 THE WITNESS:  He don't have no door

5 key.

6 THE COURT:  He does not have a door

7 key?

8 THE WITNESS:  (witness nodding head)

9 THE COURT:  Okay.

10 What color was the dish cloth

11 that you talked about that he used to

12 wipe Tracy?

13 THE WITNESS:  It was white.

14 THE COURT:  Okay.

15 MS. COBURN:  Your Honor, I have a

16 question.

17 FURTHER DIRECT EXAMINATION

18 BY MS. COBURN:

19 Q. Stacy, was it a wash cloth or a dish cloth?  Was

20 it a cloth to wash your face or a cloth to wash the dishes?

21 A. A cloth to wash the dishes.

22 Q. Stacy, who was the first person you told about

23 this night?

24 A. My mother.

25 Q. When did you tell your mother about it?

1    A.      The night it happened.

2    Q.      Where was your mother when it happened?

3    A.      At the store.

4    Q.      Where was the first time you saw your mother when

5    she returned?

6    A.      In the living room.

7    Q.      Is that where you were?

8    A.      (witness nodding)

9    Q.      Pass   the witness, your Honor.

10              THE COURT:  Mr. Griffin, anything else

11       of the witness?

12              MR. GRIFFIN:  No, your Honor.

13              THE COURT:  Any jury questions?

14                  Appellate's #6.

15              MR. GRIFFIN:  No objection, your Honor.

16              THE COURT:  From Appellate #6:  Stacy,

17       which window did Buck use?

18              THE WITNESS:  My mother's window.

19              THE COURT:  I'm sorry?

20              THE WITNESS:  My mother's window.

21              THE COURT:  Your mother's window from

22       her bedroom?

23              THE WITNESS:  (witness nodding)

24              THE COURT:  Okay.  Any other questions?

25                  Stacy, we thank you very much.

FORM 2094 PENGAD/INDY 1-800-631-6989

89